IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **BOBBY TATUM, K69478,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) |
| | ) |
| C/O HUNTER, | ) Case No. 22-cv-2411-DWD |
| LT. BRADFORD, | ) |
| ASHLEY O'NEAL, | ) |
| VICTORIA KORSCHGEN, | ) |
| WARDEN GALLOWAY, | ) |
| | ) |
| **Defendants.** | ) |

# MEMORANDUM AND ORDER

**DUGAN, District Judge:**

This matter is before the Court on numerous Motions (Docs. 116, 129, 138, 139, 141, 143, 144), and related responses. The Court notes that throughout the duration of this case, Plaintiff has filed countless motions and pleadings, and that many of these pleadings have lacked a legitimate legal basis. Although Plaintiff is a pro se litigant, he is still expected to ensure that filings with the Court have a sound legal and factual basis. His repeated filing of motions to compel, for sanctions, or for default judgment, that all seek to end this litigation before discovery has even been conducted, are baseless and frivolous. This is most clearly exemplified by his recent Motion for Summary Judgment (Doc. 143) that is not supported by any evidence whatsoever. Plaintiff should think

carefully before filing motions, because if he continues to file baseless documents, he could be subject to sanctions.[1]

Turning to the motions before the Court, Plaintiff has moved to compel sanctions against the defendants based on his allegation that they have failed to follow prison procedures, have falsified records, and have not fully complied with his discovery requests. (Doc. 116). The Motion came just days after the Court denied an earlier attempt by Plaintiff to seek judgment on the pleadings, which came within a month of merits discovery commencing in this case. Plaintiff's Motion to Compel (Doc. 116) is inappropriate for multiple reasons. First, as Defendants have argued in response to the motion (Docs. 122, 123), Plaintiff did not contact them about the issues presented in the motion prior to filing it. Second, at the time he filed the motion this case was still in the earliest phases of merits discovery, and he has not established any discovery violations or failures of the defendants. Third, he has not credibly established that any records have been falsified. Thus, there is no basis to grant sanctions, and the motion will be denied. Plaintiff's second Motion to Compel (Doc. 129) is simply a request to prod along what he set forth in Document 116, so it is also denied.

On May 8, 2025, Plaintiff filed another Motion to Compel (Doc. 141). In this Motion, he complains that he transmitted discovery requests to Defendants Bradford and

---

[1] Federal Rule of Civil Procedure 11(b) requires that a party filing a document certify that to the best of their knowledge the document is not filed for an improper purpose and is supported by the evidence. Violations of Rule 11 can warrant sanctions. *See e.g., Rivera v. Drake*, 765 F.3d 685, 686 (7th Cir. 2014) (affirming sanctions against a pro se inmate for misconduct).

Hunter[2] but got no timely responses. He claims he also sent a follow-up letter to Bradford's counsel but again got no response. He argues that given the lack of response, and the fact that his claims are primarily against Bradford and Hunter (and not Korschgen or O'Neal), default judgment should be entered against them, and he should prevail in this case. Of course, Korschgen and O'Neal's counsel does not oppose this outcome (Doc. 142), but Bradford's counsel opposes (Doc. 145) indicating she never received any discovery requests or follow-up correspondence from Plaintiff. Bradford's counsel indicates she did receive other queries from Plaintiff about settlement, and that she has received mail from him in the past, but that she got nothing about discovery in this case. Given the lack of evidence that Plaintiff actually transmitted the requests or follow-up letter[3], granting sanctions or default judgment would be drastic and unreasonable. Discovery is open until late August of 2025. Plaintiff should attempt to re-submit his requests to Defendant Bradford's counsel, and the parties should attempt to resolve discovery issues amongst themselves. Plaintiff's Motion to Compel (Doc. 141) will be denied as unsupported and premature.

On May 15, 2025, Plaintiff filed a Motion for Summary Judgment (Doc. 143) wherein he argues he is entitled to judgment on all three claims in this case against all defendants (including Defendant Hunter who remains unserved). Plaintiff's Motion

---

[2] Defendant Hunter has not been served in this case yet because he is on military leave. Thus, Plaintiff cannot seek default against him or seek discovery related penalties or sanctions.

[3] Plaintiff argues in reply (Doc. 148) that his attempt to file discovery documents with the Court in December of 2024 should be taken as proof that he transmitted the requests to Bradford's counsel, but his discovery documents filed with the Court were stricken specifically because he needed to send them directly to counsel and NOT to the Court. The fact that he sent them to the Court does not establish that he also sent them to Bradford or Bradford's counsel.

contains a statement of material facts, but the statement of facts is not supported by citation to any evidence whatsoever. Both Federal Rule of Civil Procedure 56(c)(1) and Local Rule 56.1(a) require that assertions in a statement of material fact be supported by specific citations to the record. Because none of Plaintiff's factual assertions are supported by evidence in the record, the Court must consider the appropriate course of action under Federal Rule of Civil Procedure 56(e). Under 56(e), the Court could give time to support the facts, it could consider the motion in light of undisputed facts, or it could issue any other appropriate order. Additionally, under Local Rule 56.1(h), the Court may strike any motion that does not comply with the briefing requirements for summary judgment. Here, the Court finds it appropriate to simply strike Plaintiff's Motion (Doc. 143) as unsupported because there is still ample time left in the discovery and dispositive motion period for him to redraft his motion, to support his assertions, and to file in a timely manner. Defendants sought additional time to collect discovery materials to respond to the motion, given that Plaintiff has allegedly not yet responded to their written discovery requests. The Motion for Additional Time (Doc. 144) is denied as moot in light of the Motion for Summary Judgment being stricken.

On April 29, 2025, Plaintiff filed a Motion for Status (Doc. 139) asking if any documents had been e-filed and transmitted to him in the month of April. The Motion is granted, but there were no documents filed during that time.

Finally, Plaintiff has filed a Motion for Recruitment of Counsel (Doc. 138). In his Motion, he argues that he is struggling to adequately secure discovery materials, he has been transferred away from the prison where the underlying events occurred, and he has

tried to contact a detective to get legal help to no avail. There is no right to the appointment of counsel in civil matters. *Romanelli v. Suliene*, 615 F.3d 847, 851 (7th Cir. 2010). When presented with a request to appoint counsel, the Court must consider: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself [.]" *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007). The first inquiry "requires the indigent litigant to reasonably attempt to get a lawyer." *Thomas v. Wardell*, 951 F.3d 854, 859 (7th Cir. 2020). Determining whether a plaintiff has made reasonable efforts to recruit counsel himself "is a mandatory, threshold inquiry that must be determined before moving to the second inquiry." *Eagan v. Dempsey*, 987 F.3d 667, 682 (7th Cir. 2021) (citations omitted).

If plaintiff has demonstrated an attempt to secure counsel, then the Court turns to considering the complexity of the case and plaintiff's competence to represent himself. "Some of the circumstances that require judicial consideration are the phase of the litigation, if the prisoner has been transferred between facilities, if the claims involved the state of mind of the defendant such as those involving deliberate indifference, and if the case involves complex medical evidence, including expert testimony." *Thomas v. Wardell*, 951 F.3d 854, 860 (7th Cir. 2020); *see Eagan*, 987 F.3d at 682–83. As for competence, "A judge will normally consider 'the plaintiff's literacy, communication skills, educational level, and litigation experience' along with any evidence in the record 'bearing on the plaintiff's intellectual capacity and psychological history.' But these are merely factors that are ordinarily relevant. No one factor is 'necessary or conclusive.'" *Jones v. Anderson*,

116 F.4th 669, 675-76 (7th Cir. 2024) (internal citations omitted). The court must examine specifically the plaintiff's ability to litigate the case, as opposed to the ability of any "jailhouse lawyer" assisting the plaintiff. *Eagan*, 987 F.3d at 682.

Here, Plaintiff's proof that he attempted to contact a single private detective is not sufficient to show that he has attempted to recruit legal counsel for this case. To properly support a request for recruitment of counsel, he must supply the Court with proof of at least three attempts to correspond with law firms or lawyers about this specific case. Additionally, even if Plaintiff had proof of his efforts, the Court is not yet convinced he cannot proceed on his own. Plaintiff successfully prepared, tendered, and received responses to discovery propounded upon Defendant Korschgen. He expresses concern that he is not yet getting all of the material he desires, but it is not clear that he would be unable to resolve this issue by communicating directly with opposing counsel. To the extent he seeks specific media, such as a video, it is likely he would need to seek this via the prison or attorney general, rather than from the medical defendants (O'Neal and Korschgen). Finally, the Court acknowledges that Plaintiff has been transferred from one facility to another, which can be a complicating factor, but he has only generically described the information he would like to secure. In order to establish that his transfer is actually frustrating his ability to secure discrete evidence in this case, Plaintiff should be more specific about what evidence he desires, who he would seek it from, and how efforts to secure this evidence have failed. For all of these reasons, Plaintiff's Motion for Recruitment of Counsel will be denied without prejudice.

**Disposition**

Plaintiff's Motions to Compel (Docs. 116, 129, 141) are **DENIED**. Plaintiff's Motion for Recruitment of Counsel (Doc. 138) is **DENIED**. Plaintiff's Motion for Status (Doc. 139) is **GRANTED** but there are no e-filed documents that were missed in the month of April 2025. The Clerk of Court is **DIRECTED to STRIKE** Plaintiff's Motion for Summary Judgment (Doc. 143) because it does not comply with the Federal Rules of Civil Procedure or Local Rule 56.1. Defendants' Motion for an Extension (Doc. 144) to conduct additional discovery before responding to the Motion for Summary Judgment is **DENIED as MOOT**.

**IT IS SO ORDERED.**

Dated: June 12, 2025

DAVID W. DUGAN
United States District Judge