IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| BOBBY TATUM, K69478, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| C/O HUNTER, | )   Case No. 22-cv-2411-DWD |
| LT. BRADFORD, | ) |
| ASHLEY O'NEAL, | ) |
| VICTORIA KORSCHGEN, | ) |
| WARDEN GALLOWAY, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**DUGAN, District Judge:**

This matter is before the Court on several Motions (Docs. 151, 152, 158), and related responses.

On June 27, 2025, Plaintiff moved to compel a Motion for a Stay from Defendant Hunter, a defendant who has long remained unserved in this case because he has been on military leave. (Doc. 151). In March of 2025, the Warden indicated via Notice (Doc. 131), that Hunter may now be deployed thru March of 2026. Plaintiff complains that given Hunter's length absence (which will span 3 years if it runs thru March of 2026), an attorney should be appointed to represent Hunter's interests, such that this case may proceed. He specifically complains he cannot conduct discovery pertaining to Hunter. (Doc. 151 at 3). The Court does not find it necessary at this juncture to take any further action regarding Hunter, other than to direct ongoing status updates. Once Hunter can

be served, Plaintiff will receive an independent opportunity to conduct discovery relevant to Hunter. Thus, Plaintiff's Motion (Doc. 151) is denied.

On July 14, 2025, Defendant Bradford moved for a protective order (Doc. 152) on the basis that Plaintiff served an excessive number of requests for admissions. Specifically, Bradford alleges that in total, Plaintiff presented 24 requests for admission, which is in excess of the limit of 10 set in the scheduling order. (Docs. 110, 152). Rule 26 of the Federal Rule of Civil Procedure provides that the Court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including "forbidding the disclosure of discovery" and "forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters." Fed. R. Civ. P. 26(c)(1). The parties have a duty to "base [their] discovery objections on a good faith belief in their merit" and "not object solely for the purpose of withholding or delaying the disclosure of relevant information." *Thompson v. Fajerstein*, No. 08 CV 3240, 2010 WL 4628515, at *5 (N.D. Ill. Nov. 8, 2010).

Federal Rule of Civil Procedure 36 governs requests for admission. It provides that a party may serve on another party a written request to admit, for purposes of the pending action only, the truth of matters pertaining to facts, the application of law to facts, or an opinion about either. Fed. R. Civ. P. 36(a)(1)(A). Stated otherwise, a request for admission is a statement that a party is asking their opponent to admit or deny. In response, the opposing party can either "admit the truth of the statement, deny the truth of the statement or indicate that the opposing party doesn't have enough knowledge to admit or deny the statement." *Durley v. Jeanpierre*, 2023 WL 3953311 at * 4 (E.D. Wis. June

11, 2023). By contrast, if a party asks a question that seeks a broader answer than admit or deny, such a question would be more properly formulated as an interrogatory. *Id.*

In the present Motion, Defendant Bradford contends that Plaintiff submitted more than 10 requests for admission, and the excess requests are either duplicative or are not really proper requests for admission in the first place. (Doc. 152 at ¶ 8). In two responses (Docs. 153, 154), Plaintiff now asks for permission to file excess requests for admission and argues that the defendant is simply trying in bad faith to evade answering his questions. He also contends that he needs video footage of June 22, 2022, but that he has not secured it. Finally, he reiterates prior requests for court-recruited counsel. To resolve the issue of excess or improperly formatted requests for admission, Defendant asks the Court to simply strike all requests that exceed the initial ten which were received in the first batch of requests for admission. (Doc. 152-1). Other than this request, the Defendant does not detail which requests are duplicative or are other forms of discovery queries (such as interrogatories) disguised in request for admission form.

While a protective order can be a proper mechanism to seek shelter from harassing or duplicative discovery requests, the Court is not entirely convinced by Defendant's generic arguments that Plaintiff's excessive discovery requests are intentionally harassing or excessive or are interrogatories disguised as requests for admission. Defendant did not walk through the content of the requests to point out which are duplicative, or seek a more complex answer than an admission or denial. Plaintiff is a pro se litigant and appears to have formulated the statements to the best of his ability. Perhaps the bigger problem apparent from the face of the requests is that while some call

for information that might be possessed by Defendant Bradford, others appear irrelevant to Bradford.  For example, Request 7 states: "C/O Hunter after getting off the phone with Assistant Lu Walker, where he was order to assault Plaintiff for complaining about his cell 2-15, inhumane conditions of confinement, and filing grievances and lawsuits of staffs at Shawnee CC and IDOC on date 6-22-2022."  (Doc. 152-1 at 2-3).  A request for admission that is not relevant to a defendant may indeed be considered harassing, or simply unnecessary.  Request 7 gives no indication as to why this statement could be verified or denied by Bradford.  In this particular case, the Court finds it likely at this juncture that to the extent Plaintiff has presented too many requests, or requests that are not relevant to Bradford, these errors have not been intentional or made with the desire to cause Bradford undue harm.

Defendant Bradford invites the Court to issue a protective order simply striking all requests in excess of 10, but it appears that this could allow some requests that are simply irrelevant like Request 7 to stand, while striking others that are relevant and appropriate.  For example, Request 11 would be stricken adopting this suggestion, but it states: "Karl Bradford made sure after the brutal violent, assault by C/O Hunter and pepper spraying of plaintiff that plaintiff shower, seen medical for treatments, medications, for pain and injuries clean clothings on date 6-22-2022 by being supervisor that day."  This request for admission seems more consistent with a traditional and proper request for admission than some others buried in Plaintiff's 24 requests, and it is directly relevant to Bradford.

Rather than comb through Plaintiff's requests to hand select the 10 that are the best, the Court finds it appropriate to simply strike ALL of Plaintiff's requests made to Bradford. Plaintiff shall then be afforded leave to compose a new set of requests for admission. He may include 10 total requests for admission, and he should focus his requests solely on information relevant to Defendant Bradford. Plaintiff shall have 21 days to prepare and send his requests. Defendant Bradford shall then have the standard 30 days to respond. If the parties have a disagreement about the contents or responses for the new requests for admission, they must confer with each other prior to bringing the discovery dispute to the Court. Thus, Defendant Bradford's Motion (Doc. 152) is granted in part, and all of Plaintiff's current requests for admission to Bradford are stricken, but it is denied to the extent that Bradford seeks to impose a limit of 10 requests for admission on the existing documents.

Finally, Plaintiff has filed a third motion titled "Objections" and Motion for Status. (Doc. 158). In the motion, he appears to again contend he has been unable to secure video footage, but he provides no detail about how he has tried to secure this footage, or what response he has received. Without more information, there is nothing for the Court to do. Plaintiff also repeats an ongoing contention that he would like counsel and indicates he has contacted law firms on his own. This narrative motion is not appropriately formatted as a motion for recruitment of counsel. Plaintiff shall formally reapply if he believes he needs counsel. To the extent that Plaintiff argues this case must immediately proceed to a jury trial, this argument is premature.

## Disposition

Plaintiff's Motion to Compel (Doc. 151) and his Objection (Doc. 158) are **DENIED**. <u>The Clerk of Court shall send Plaintiff a new standard motion for recruitment of counsel form</u>.

Defendant Bradford's Motion to Compel (Doc. 152) is **GRANTED** in part, and **DENIED** in part. Plaintiff's current requests for admission to Defendant Bradford are all **STRICKEN**. Plaintiff shall have **21 days to send new requests for admission** to Bradford. He must limit himself to **10 requests**, and should focus only on his allegations against Bradford, and not on other Defendants. Defendant Bradford shall then have 30 days to respond.

Based on this discovery ruling, the discovery deadline for all parties shall be extended to November 20, 2025, and the merits summary judgment deadline shall be extended to December 22, 2025.

**IT IS SO ORDERED.**

Dated: September 30, 2025

/s *David W. Dugan*
_____
DAVID W. DUGAN
United States District Judge