IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **BOBBY TATUM, K69478,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Case No. 22-cv-2411-DWD** |
| **vs.** | ) | |
| | ) | |
| **C/O HUNTER, ET AL.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

# MEMORANDUM AND ORDER

**DUGAN, District Judge:**

On September 8, 2026, the Court resolved numerous pending motions, and it granted summary judgment in favor of three defendants, leaving the case pending against a single defendant who is on military leave. (Doc. 206). On September 21, 2026, Plaintiff simultaneously lodged a Notice of Appeal (Doc. 207), a Motion to Proceed In Forma Pauperis (IFP) on Appeal (Doc. 208), and a Motion for Reconsideration (Doc. 211). For reasons explained herein, Plaintiff's Motion for Status (Doc. 213) will be granted, but his motions for reconsideration and to proceed IFP on appeal will be denied.

## Motion to Reconsider (Doc. 211)

The Federal Rules of Civil Procedure do not expressly recognize motions to reconsider. Rule 59(e) allows a court to alter or amend a judgment if the party files the motion "no later than 28 days after the entry of the judgment." "Altering or amending a judgment under Rule 59(e) is permissible when there is newly discovered evidence or there has been a manifest error of law or of fact." *Harrington v. City of Chi.*, 433 F.3d 542,

546 (7th Cir. 2006) (*citing* *Bordelon v. Chi. Sch. Reform Bd. of Trs.*, 233 F.3d 524, 529 (7th Cir. 2000)). Under Rule 59(e), "[a] 'manifest error' is not demonstrated by the disappointment of the losing party;" it "is the 'wholesale disregard, misapplication or failure to recognize controlling precedent.'" *Bilek v. Am. Home Mortg. Servicing*, No. 07 C 4147, 2010 WL 3306912 at *1 (N.D. Ill. Aug. 19, 2010) (*quoting* *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000)). "Reconsideration is not an appropriate forum for rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the previous motion." *Ahmed v. Ashcroft*, 388 F.3d 247, 249 (7th Cir. 2004) (*quoting* *Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1270 (7th Cir. 1986)).

Plaintiff's Motion for Reconsideration (Doc. 211) simply rehashes arguments that the Court already considered when ruling on the defendants' motions for summary judgment and the many related motions. First, Plaintiff continues to argue that evidence in this case was altered or spoiled, but the Court thoroughly analyzed and rejected these arguments. (Doc. 206 at 2-11). Plaintiff does not demonstrate how or what that legal or factual analysis was incorrect. Second, Plaintiff argues that the Court erred by making a decision using a black and white photograph, but the Court also reviewed full color video footage, so this argument is unsound. Third, Plaintiff argues that the Court should not have rendered a decision on the pain he experienced, but the Court is entitled to weigh the evidence submitted by both sides at summary judgment and it is entitled to determine that there are not genuine disputes of fact about issues based on the evidence before it. The Court cited precedent in support of its interpretation of the evidence, and Plaintiff has not demonstrated that this was incorrect. Fourth, Plaintiff argues that the Court

should not have rendered a decision in reliance on unpublished Seventh Circuit decisions. While unpublished opinions are not binding precedent, they can provide helpful context for analyzing a legal or factual issue in a case. Fifth, Plaintiff faults the Court for not assessing sanctions against Defendant Hunter—the defendant against whom judgment has not yet been entered in this case because he is on military leave. It is not a legal or factual error to keep this case alive as the Court waits for Defendant Hunter's return so that the case can be resolved on the merits. Finally, sixth, Plaintiff argues the Court erred by denying his motion for counsel, but he does not provide any legal or factual support for this argument.

The six arguments presented by Plaintiff represent his dissatisfaction and disagreement with the Court's summary judgment ruling and other rulings in this case, but he has not identified a manifest error of law or fact sufficient to unsettle the Court's order, and he has not identified any newly discovered evidence. The Motion for Reconsideration is therefore denied.

**Motion to Proceed IFP on Appeal (Doc. 208)**

Next, the Court must consider Plaintiff's motion to proceed in forma pauperis (IFP) on appeal. (Doc. 208). A federal court may permit a party to proceed on appeal without full pre-payment of fees provided the party is indigent and the appeal is taken in good faith. 28 U.S.C. § 1915(a)(1) & (3); Fed. R. App. P. 24(a)(3); *see also* *Walker v. O'Brien*, 216 F.3d 626, 630-31 (7th Cir. 2009). In the instant case, there is a key defect with Plaintiff's immediate attempt to appeal. A litigant may only appeal from "all final decisions of district courts." 28 U.S.C. § 1291. A decision is final and appealable when it

"disposes of all claims against all parties." *Dale v. Lappin*, 376 F.3d 652, 654 (7th Cir. 2004). In multiple party suits, an order dismissing one defendant while leaving claims against other defendants pending is not a final, appealable order. *House v. Belford*, 956 F.2d 711, 716 (7th Cir. 1992) (citing *Auriemma v. City of Chicago*, 906 F.2d 312, 313 (7th Cir. 1990)).

A litigant can only take an appeal from a non-final decision if they either secure authorization under Federal Rule of Civil Procedure 54(b), or if they are bringing a proper interlocutory appeal under 28 U.S.C. § 1292. Here, Plaintiff has not sought a certification under Rule 54(b). A district court can certify an early appeal if the judgment on the claim to be appealed is final, and if there is no just reason for any delay in the appeal. *See Curtiss-Wright Corp. v. General Elec. Co.*, 446 U.S. 1, 7-8 (1980). The judgement as to Bradford, Korschgen, and O'Neal is final, but there is good reason not to certify an early appeal because the issues on appeal as to these three Defendants and Defendant Hunter will likely overlap in a substantial fashion. It would be a drain on court resources to allow an appeal now against Bradford, Korschgen, and O'Neal, only for the appellate court to consider a similar appeal against Hunter a year or two later. Thus, the Court does not find it appropriate to certify an early appeal under Rule 54(b). As for the interlocutory grounds for an appeal—either an appeal of an injunction (28 U.S.C. § 1292(a)(1)) or an appeal concerning a controlling question of law that would benefit from immediate resolution (28 U.S.C. § 1292(b))—the Court does not find that either condition for an interlocutory appeal exists in this case.

Based on the foregoing analysis, the Court finds that Plaintiff's appeal is not taken in good faith because it is premature, and the Court does not find a basis under Rule 54(b)

or under 28 U.S.C. § 1292(a)(1); 1292(b) to authorize an early appeal. Thus, the Court will deny Plaintiff's Motion to Proceed IFP on appeal.

**Disposition**

Plaintiff's Motion for Status (Doc. 213) is **GRANTED**. His Motion for Reconsideration (Doc. 211) and his Motion to Proceed IFP on Appeal (Doc. 208) are **DENIED**.

**IT IS SO ORDERED.**

**Dated**: October 28, 2026

DAVID W. DUGAN
United States District Judge